UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JAMES A. TOMASSI,

                Plaintiff,

                                   **ORDER**
      -against-                       15-CV-3652 (JMA)(AKT)

NASSAU COUNTY, NASSAU COUNTY SHERIFF,
NASSAU COUNTY CORRECTIONAL CENTER,

                Defendants.
----------------------------------------------------------------X
**AZRACK, United States District Judge:**

        On June 19, 2015, *pro se* plaintiff James A. Tomassi ("plaintiff") commenced this action against Nassau County, Nassau County Sheriff Michael Sposato ("Sheriff Sposato"), and the Nassau County Correctional Center ("the Jail" and collectively, "defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging a deprivation of his constitutional rights. Accompanying the complaint is an application to proceed *in forma pauperis*. The court grants plaintiff's request to proceed *in forma pauperis* and *sua sponte* dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) for the reasons that follow. Plaintiff is granted leave to file an amended complaint in accordance with this Order within thirty (30) days from the date of this Order.

### I.   BACKGROUND[1]

        Plaintiff's brief complaint claim alleges that he was assaulted by another inmate on June 23, 2013 while plaintiff was detained at the Jail. According to plaintiff, "there was no supervision in the open dorm" at the time of the alleged assault because it occurred in an area of the dorm that "is not visible from the bubble, where the CO's [sic] sit." (Compl. at 2.) Accordingly, plaintiff claims that there was "no intervention by supervisory personnel." (Id.) As a result, plaintiff claims to have

---

[1] The Court assumes all material allegations in the complaint to be true for the purpose of this Order. See, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

suffered broken fingers on his right hand. (Id.) Plaintiff describes that he was taken to the medical unit where his "finger was splinted on a crooked piece of wood." (Id.) According to the complaint, plaintiff's finger "healed crooked" and cannot be corrected by surgery. Thus, plaintiff alleges that his right hand is now "permanently deformed" and is "a source of great discomfort." (Id. at 3.) For relief, plaintiff seeks to recover a compensatory damages award in the sum of $40,000.

## II. DISCUSSION

### A.   *In Forma Pauperis* Application

Upon review of plaintiff's declaration in support of the application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed *in forma pauperis* is granted.

### B.   Standard of Review

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition,

the Court must read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

A *pro se* complaint "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.    Section 1983**

Section 1983 provides that

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting

under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

Moreover, in an action brought pursuant to § 1983, a plaintiff must allege the personal involvement of the defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)). "Personal involvement" may be established by evidence of a supervisor's direct participation in the challenged conduct or "by evidence of an official's (1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." Hayut v. State Univ. of New York, 352 F.3d 733, 753 (2d Cir. 2003). An "individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority.'" Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004) (quoting Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)). Where a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

### 1. Claim Against Sheriff Sposato

As discussed above, a § 1983 claim that does not allege the personal involvement of a

4

defendant fails as a matter of law. Johnson, 360 F. App'x at 201. Although plaintiff names Sheriff Sposato as a defendant, the complaint contains no allegations or references to him and, accordingly, plaintiff has not alleged a viable § 1983 claim against this defendant. Given the absence of any allegations of conduct or inaction attributable to Sheriff Sposato, plaintiff's claim against him is implausible and is therefore dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### 2.    Claim Against the Jail

Plaintiff also names the Jail as a defendant. However, the Jail is a non-suable entity because it is merely an administrative arm of the County of Nassau. "Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Rose v. County of Nassau, 904 F. Supp. 2d 244, 247 (E.D.N.Y. 2012) (citing Hall v. City of White Plains, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002); see France v. Nassau Cnty. Jail, No. 14-CV-2547(SJF), 2014 WL 1871937, *3 (E.D.N.Y. May 6, 2014) (dismissing Section 1983 claim against the Jail because, as an administrative arm of Nassau County, lacks the capacity to be sued). Therefore, plaintiff's claim against the Jail is implausible as a matter of law and is thus dismissed.

### 3.    Claims Against Nassau County

It is well-established that a municipality, such as Nassau County, may be liable under Section 1983 only if the "plaintiff proves that action pursuant to official . . . policy of some nature caused a constitutional tort." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978). Thus, to impose liability on a municipality, the plaintiff must prove that a municipal policy or custom caused a deprivation of the plaintiff's rights. See Wimmer v. Suffolk Cnty. Police Dep't, 176 F.3d 125, 137 (2d Cir. 1999).

To establish the existence of a municipal policy or custom, the plaintiff must allege (1) the existence of a formal policy officially endorsed by the municipality, (2) actions taken or decisions made by an official with final decision making authority, (3) a practice so persistent and widespread that it constitutes a custom, or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to a "deliberate indifference" to the rights of those who come in contact with the municipal employees. Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 478 (E.D.N.Y. 2002); Moray v. City of Yonkers, 924 F. Supp. 8, 12 (S.D.N.Y. 1996). "[A] single incident in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998) (internal quotation marks and citation omitted).

Here, even affording the *pro se* complaint a liberal construction, there are simply no factual allegations from which the Court may reasonably infer that the conduct of which plaintiff complains was caused by some policy or custom of Nassau County. Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) ("[A] plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists."). Accordingly, because plaintiff has not alleged a plausible Section 1983 claim against Nassau County, his claim against Nassau County is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

**D.    Leave to Amend**

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999) (internal quotation marks omitted)). Indeed, a *pro se* plaintiff who

6

brings a civil rights action, "should be 'fairly freely' afforded an opportunity to amend his complaint." Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted). Yet while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

Here, the court has carefully considered whether plaintiff should be granted leave to amend his complaint. Because the deficiency in plaintiff's claim against the Jail is substantive and would not be cured with better pleading, the Court denies leave to amend the complaint as against the Jail. However, plaintiff is afforded an opportunity to amend his complaint against the other defendants in accordance with this Order. Plaintiff's amended complaint must be labeled "Amended Complaint," bear the same docket number as this Order, 15-CV-3652 (JMA) (AKT), and shall be filed within thirty (30) days from the date of this Order. Plaintiff is advised that an amended complaint completely replaces the original, so plaintiff must include any allegations he wishes to pursue against the defendants (other than the Jail) in the amended complaint. Further, if plaintiff does not file an amended complaint within the time allowed, this case shall be closed.

### III.   CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed *in forma pauperis* is granted, but the complaint is *sua sponte* dismissed for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Plaintiff is afforded an opportunity to amend his complaint as against the defendants (other than the Jail) in accordance with this Order. Plaintiff's amended complaint must: (1) be labeled "Amended Complaint;" (2) bear the same docket number

as this Order, 15-CV-3652 (JMA)(AKT); and (3) be filed within thirty (30) days from the date of this Order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                       /s/ (JMA)  
                                                  Joan M. Azrack  
Dated:      August 19, 2015               United States District Judge  
             Central Islip, New York