UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
JAMES A. TOMASSI,


                          Plaintiff,                    **REPORT AND
                                                        <u>RECOMMENDATION</u>**

         - against -

NASSAU COUNTY AND
NASSAU COUNTY SHERIFF,                                  CV 15-3652


                          Defendants.
------------------------------------------------------x

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.      PRELIMINARY STATEMENT**

    *Pro se* Plaintiff James A. Tomassi ("Plaintiff") commenced this civil rights action,

pursuant to 42 U.S.C. §1983 by filing a Complaint [DE 1] on June 9, 2015.  Plaintiff named as

defendants Nassau County, the Nassau County Sheriff, and the Nassau County Correctional

Center.  Plaintiff seeks damages for injuries he sustained during a physical altercation with

another inmate while incarcerated at the Nassau County Correctional Center.  On August 19,

2015, Judge Azrack *sua sponte* dismissed the Complaint for failure to allege a plausible claim for

relief.  *See* August 19, 2015 Electronic Order ("Dismissal Order") [DE 6].  Thereafter, on

September 3, 2015, Plaintiff filed an Amended Complaint ("Am. Compl."), now the operative

pleading in this case, naming only Nassau County and the Nassau County Sheriff as defendants

(collectively, "the "Defendants").  *See generally* Am. Compl. [DE 7].  Judge Azrack referred the

matter to this Court for a Report and Recommendation as to whether the following motions

should be granted:    (1) Defendants' Motion for Summary Judgment; (2) Plaintiff's Motion for

Summary Judgment; (3) Defendants' Letter Motion to Strike the Affidavit of Carolyn Tomassi;

and (4) Plaintiff's Motion for Summary Judgment, or, in the alternative, for a trial date. *See* DE 90, 91, 101, 106.   In considering these motions, the Court has reviewed the following materials:  Defendants' Notice of Motion for Summary Judgment ("Defs.' Notice") [DE 91]; the Declaration of Deputy County Attorney Liora Ben-Sorek, with attached Exhibits ("Ben-Sorek Decl.") [DE 110]; Defendants' Rule 56.1 Statement of Undisputed Material Facts [DE 93]; Defendants' Rule 56.2 Notice to Pro Se Litigant [DE 93-1]; Defendants' Memorandum of Law in Support of Motion for Summary Judgment ("Defs.' Mem.") [DE 94]; Defendants' Reply Memorandum of Law in Further Support of Motion for Summary Judgment ("Defs.' Reply") [DE 95]; Plaintiff's Motion to Dismiss Defendants' Motion for Summary Judgment and to Grant Summary Judgment to Plaintiff, with Exhibits ("Pl.'s Mot. I") [DE 90]; Affidavit of Carolyn Tomassi in support of Plaintiff's Motion for Summary Judgment ("Carolyn Tomassi Aff.") [DE 99]; Plaintiff's Supplemental Exhibit to DE 99 [DE 100]; Defendants' Letter Motion to Strike Affidavit of Carolyn Tomassi and Supplemental Exhibit ("Defs.' Mot. to Strike") [DE 101]; Plaintiff's Two-Page Motion asking the Court to "Issue a Summary Judgment or to Set a Trial Date" ("Pl.s' Mot. II") [DE 106]; Defendants' Letter Response to DE 106 ("Defs.' Response in Opp'n") [DE 108]; and Plaintiff's Letter Reply to DE 108 ("Pl.'s Reply").

Having carefully considered the parties' submissions and the applicable case law, as well as for the reasons set forth below, this Court respectfully recommends to Judge Azrack that (1) Defendants' motion for summary judgment be GRANTED; (2) Plaintiff's motion for summary judgment be DENIED; and (3) Defendants' motion to strike the affidavit of Carolyn Tomassi be GRANTED.

## II.    BACKGROUND

### A.    Factual Background

The following uncontested facts have primarily been taken from Defendants' Local Rule 56.1(a) Statement of Undisputed Material Facts (Rule 56.1 Statement).  Because Plaintiff is proceeding *pro se*, the Court is obligated to construe his pleadings liberally "to raise the strongest arguments that they suggest."  *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (per curiam) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d. Cir. 2006)) (collecting cases) (internal quotation marks omitted).

Plaintiff was admitted as an inmate to the Nassau County Correctional Center ("NCCC") on June 10, 2013 and was placed in an open dormitory-style housing unit with bunk beds.  *See* Defs.' Rule 56.1(a) Statement of Undisputed Material Facts ("Defs.' SOMF") ¶¶ 2-3.  Several weeks thereafter, another inmate, Kevin Driver ("Driver"), gave Plaintiff a bag containing some used clothing.  *Id.* ¶ 3; *see* May 27, 2014 Transcript of the deposition of Plaintiff James Tomassi ("Tomassi Tr.") [DE 92-1], annexed as Ex. C to the Amended Declaration of Deputy County Attorney Liora Ben-Sorek ("Ben-Sorek Am. Decl.") [DE 92] at 18-20.  Plaintiff selected a t-shirt from the bag and left the other items in the cubical near his bunk.  Defs.' SOMF ¶¶ 4-5.  When the Plaintiff's bunk-mate objected to the bag, Plaintiff left it on a table in the dayroom.  *Id.* ¶ 6.  When inmate Driver asked Plaintiff to give him back the bag, Plaintiff told him he had moved it to the dayroom.  *Id.* ¶¶ 7-8.  Driver was upset that Plaintiff did not keep the bag of clothes.  *Id.* ¶ 10.  On June 23, 2013, shortly after the morning count, Driver told Plaintiff that he was going to "knock him out" because he did not have the bag of clothes.  *Id.* 11; Tomassi Tr. at 31-32.  Driver's bed was right across from Plaintiff's.  He ran up to the Plaintiff and punched him.  Tomassi Tr. at 32.  As a result, Plaintiff fell down and Driver threw him to the side.  Defs.'

SOMF ¶ 13.  Plaintiff wound up underneath the inmate's bed across from him.  Driver then kicked Plaintiff and specifically kicked and broke Plaintiff's ring finger on his right hand.  Defs.' SOMF ¶¶13-14; Tomassi Tr. at 32.

During the physical altercation, Plaintiff did not call out for assistance, or alert any NCCC personnel.  Defs.' SOMF ¶ 16.  Following the altercation, Plaintiff went to the NCCC officer's station and reported the incident, whereupon he was promptly taken to the medical unit and treated.  *Id.* ¶¶ 17-18.  Specifically, Plaintiff was treated for a cut on his forehead and a splint was applied to his right ring-finger.  *Id.* ¶ 18.  X-Rays taken on June 28, 2013 showed an old fracture in his right ring-finger.  *Id.* ¶ 19.  Prior to the altercation, Plaintiff and Driver had gotten along well and were "friendly."  *Id.* ¶ 15.

### B.  Procedural Posture

At the time Judge Azrack granted Pro Se Plaintiff Tomassi's application to proceed *in forma pauperis*, she also dismissed the Complaint *sua sponte,* without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).  *See* DE 6. Judge Azrack pointed out that Plaintiff had failed to allege a plausible claim for relief.  *Id.*  However, Plaintiff was afforded an opportunity to amend his pleading against Defendant Nassau County and the Nassau County Sheriff, but not NCCC.  *Id.*  On September 3, 2015, Plaintiff timely filed his Amended Complaint against the County and the Sheriff, pursuant to 42 U.S.C. §1983, to which he had added further factual allegations.  *See* Am. Compl.  Although observing that the Amended Complaint was "thin," Judge Azrack declined to dismiss it and directed the United States Marshal Service to serve the Defendants with the pleading.  *See* DE 8.  Defendants filed their Answer on February 29, 2016.

On April 18, 2016, the Initial Conference was conducted with the parties who were advised that discovery would be conducted in stages in light of Plaintiff's *pro se* status.  *See*

4

DE 19.  Discovery was thereafter delayed when Plaintiff was incarcerated in the Suffolk County Jail.  *See* DE 25.  The Court conducted a conference with the parties thereafter on September 27, 2016 and put a schedule in place for further discovery to be completed.  *See* DE 29.  Multiple discovery conferences were conducted thereafter and Plaintiff's deposition was completed.

On August 14, 2017, consistent with Judge Azrack's Individual Rules, Defendants moved for a pre-motion conference, seeking leave to file a motion for summary judgment.  *See* Defs.' August 14, 2017 Letter Motion [DE 65].  In response, Judge Azrack waived the pre-motion conference requirement, granted Defendants leave to move for summary judgment, and set a briefing schedule for the motion.  *See* August 23, 2017 Electronic Order.  A revised briefing schedule was later implemented, according to which a fully briefed motion was to be filed by March 30, 2018.  *See* March 12, 2018 Electronic Order.  The parties complied with the briefing schedule and timely filed their papers.  *See generally* DE 90-94.  Thereafter, on April 12, 2018, Plaintiff's mother, Carolyn Tomassi, filed an affidavit in support of Plaintiff's opposition (*see* Affidavit of Carolyn Tomassi ("Carolyn Tomassi Aff.") [DE 99], which Defendants moved to strike on April 17, 2019.  *See* Defs.' Letter Mot. to Strike [DE 101].

On August 16, 2018, without first filing a letter request to a pre-motion conference from Judge Azrack, Plaintiff filed his own motion seeking summary judgment or a trial date.  *See* Plaintiff's Motion for Summary Judgment ("Pl.'s Mot.") [DE 106].  Defendants opposed Plaintiff's motion on August 23, 2018.  See Defendants' Response in Opposition ("Defs.' Opp'n") [DE 108].  Plaintiff replied in further support of his motion on October 1, 2018.  See Plaintiff's Reply ("Pl.'s Reply") [DE 109].  Judge Azrack thereafter referred the foregoing motions to this Court for a report and recommendation.  *See* December 7, 2018 Electronic Order.

### C.    Defendants' Motion for Summary Judgment

Defendants argue that they are entitled to summary judgment on Plaintiff's claims against the Nassau County Sherriff because Plaintiff has failed to offer any evidence that the Nassau County Sheriff had any personal involvement in, or knowledge of, the incidents at issue here. Defs.' Mem. at 4-5.  They further assert that summary judgment should be granted with respect to Plaintiff's claims against Nassau County because Plaintiff has failed to offer any evidence that Defendants actions were taken pursuant to a municipal policy, practice, or custom.  *Id*. at 6. According to the Defendants, Plaintiff has also failed to exhaust his administrative remedies by failing to comply with the entire relevant grievance procedure before bringing the instant action. *Id*. at 10-11.

In his opposition to Defendants' motion, Plaintiff asserts that genuine issues of material fact exist and summary judgment should be denied and a trial date set.  Pl.'s Mot. I at 1.  Plaintiff argues that Defendants violated his Eight Amendment rights by denying him necessary medical care, irrespective of any municipal policy.  *Id*. at 1-2.  Further, Plaintiff contends that Defendants were deliberately indifferent to his wellbeing by failing to diligently carry out their duties and maintain order in the NCCC dormitory.  *Id.* at 1.  As to non-party Armor Correctional Health Care ("Armor"), Plaintiff claims that Armor was negligent in treating Plaintiff's injuries following the subject altercation.  *Id*. at 2.  To support this assertion, Plaintiff relies on a *Newsday* article detailing a New York State civil action brought by former New York State Attorney General Eric Schneiderman against Armor for repeatedly denying NCCC inmates adequate care.  *Id.* at 3.

In reply to Plaintiff's opposition, Defendants underscore Plaintiff's purported concession that his claim is not based on any municipal policy, practice, or custom.  Defs.' Reply at 1.

Defendants reiterate that summary judgment is mandated for the reasons set forth in their initial moving papers.  Defendants also argue that to the extent Plaintiff complains of medical malpractice, Plaintiff has failed to name Armor – or any of its medical professionals – in this action and that malpractice claims do not implicate a constitutional or statutory right.  *Id*. at 2.  In any case, Defendants point out that (1) Plaintiff received reasonable and timely medical care, and (2) Plaintiff has failed to offer any evidence that the Nassau County Sheriff was involved in the administration of, or decision-making related to Plaintiff's medical care.  *Id*.

**D.    Plaintiff's Motion for Summary Judgment**

Plaintiff maintains that Defendants have failed to meaningfully respond to the Amended Complaint, instead advancing "points of law which are ambiguous and very seldom address the complaint of negligence which is demonstrated without a doubt in the medical records."  *See* Pl.'s Mot. II at 1.  Plaintiff cites an email correspondence purportedly between his mother and a branch of the White House, which Plaintiff attached as an exhibit to the Amended Complaint. Am. Compl., Ex A.  In that email, Plaintiff's mother asks, "is a jail responsible to secure needed medical care for its inmates," in response to which someone writes, "it seems like they should be required to provide medical care [] I would consult an attorney if possible."  *Id.*  Plaintiff construes this correspondence to mean that he is entitled to sue for his experience at NCCC. Pl.'s Mot. II at 2.

Defendants oppose Plaintiff's August 16, 2018 motion arguing that it is defective because:  (1) Plaintiff failed to first request a pre-motion conference , (2) Plaintiff failed to serve Defendants with a Statement of Material Facts as required by Local Civil Rule 56.1, and (3) Plaintiff failed to include in his submission any legal arguments with evidentiary support, instead submitting only "self-serving conclusory statements."  Defs.' Response in Opp'n at 1.  In

response to Defendant's opposition, Plaintiff requests summary judgment or a trial date, asserting that this case is simple and straightforward and that the [defendant][1] medical provider, Armor, failed to follow proper procedure and to properly treat Plaintiff's orthopedic injury.  Pl.'s Reply at 1.

## III.    STANDARD OF REVIEW

### A.    Summary Judgment

Rule 56(a) of the Federal Rules of Civil Procedure provides that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The moving party bears the initial burden of establishing the absence of any genuine issue of material fact.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Mihalik v. Credit Agricole Cheuvreux North America, Inc.*, 715 F.3d 102, 108 (2d Cir. 2013); *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008). To determine whether the moving party has satisfied this burden, the Court is required to view the evidence and all factual inferences arising from that evidence in the light most favorable to the non-moving party.  *Doro v. Sheet Metal Workers' Int'l Ass'n*, 498 F.3d 152, 155 (2d Cir. 2007); *Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 75 (2d Cir. 2005).  In dispatching this task, a court need only consider admissible evidence.  *Porter v. Quarantillo*, 722 F.3d 94, 97 (2d Cir. 2013) (quoting *Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir. 1997); *Hilaire v. DeWalt Indus. Tool Co*, 54 F. Supp. 3d 223, 251 (E.D.N.Y. 2014).

Where the movant shows a *prima facie* entitlement to summary judgment, "the burden shifts to the nonmovant to point to record evidence creating a genuine issue of material fact."

---

[1]  Plaintiff erroneously refers to Armor as a defendant in the instant action which is not the case.

*Salahuddin v. Goord*, 467 F.3d 263, 273 (2d Cir. 2006); *Miller v. Nassau Health Care Corp.*, No. 09 Civ. 5128, 2012 WL 2847565, at *3 (E.D.N.Y. July 11, 2012). "[T]he nonmovant cannot rest on allegations in the pleadings and must point to specific evidence in the record to carry its burden on summary judgment." *Salahuddin*, 467 F.3d at 273; *see McPherson v. N.Y.C. Dep't of Educ.*, 457 F.3d 211, 215 n.4 (2d Cir. 2006) ("[S]peculation alone is insufficient to defeat a motion for summary judgment."); *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 101 (2d Cir. 2001) ("Even where facts are disputed, in order to defeat summary judgment, the non-moving party must offer enough evidence to enable a reasonable jury to return a verdict in its favor."). Summary judgment is mandated if the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see Dobbs v. Dobbs*, No. 06 Civ. 6104, 2008 WL 3843528, at *5 (S.D.N.Y. Aug. 14, 2008) ("The Court's goal should be to isolate and dispose of factually unsupported claims.") (internal quotation marks omitted).

### B.    *Pro Se* Pleadings

It is established law in this Circuit that *pro se* filings like Plaintiff's pleadings are to be liberally construed. *Shin v. Queens Hosp. Ctr. in Jamaica*, No. 14-CV-7237, 2014 WL 7422664, at *3 (E.D.N.Y. Dec. 31, 2014). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The Court must therefore "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 878, 890 (2d Cir.1994)).

*Pro se* status, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Lomax v. Aegis Funding Corp.*, No. 9-2321, 2010 WL 1633440, at *2 (E.D.N.Y. Apr. 19, 2010) (quoting *Iwachiw v. N.Y. City Bd. of Educ.*, 194 F. Supp. 2d 194, 202 (E.D.N.Y. 2002)); *Guity v. Uniondale Union Free Sch. Dist.*, No. 15-CV-5693, 2017 WL 1233846, at *3 (E.D.N.Y. Mar. 31, 2017) ("Plaintiff's status as a *pro se* litigant does not relieve her of her obligation to adhere to all applicable procedural rules."); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) ("[P]*ro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law.") (internal quotations and citations omitted). Likewise, "mere conclusions of law or unwarranted deductions need not be accepted." *Alston v. Sebelius*, No. 13-CV-4537, 2014 WL 4374644, at *5 (E.D.N.Y. Sept. 2, 2014).

When considering a dispositive motion made by or against a *pro se* litigant, the Court is mindful that a *pro se* party's pleadings must be "liberally construed" in favor of that party and are held to "less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). The Second Circuit "liberally construe[s] pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir.2007) (internal quotation marks and citations *549 omitted).

When a *pro se* litigant is involved, the same standards for summary judgment apply, but "the pro se litigant should be given special latitude in responding to a summary judgment motion." *Knowles v. N.Y. City Dep't of Corr.*, 904 F.Supp. 217, 220 (S.D.N.Y.1995) (citation and internal quotation marks omitted); see also *Graham v. Lewinski*, 848 F.2d 342, 344

11

(2d Cir.1988) ("[S]pecial solicitude should be afforded pro se litigants generally, when confronted with motions for summary judgment."). Nonetheless, "[p]roceeding pro se does not otherwise relieve a litigant of the usual requirements of summary judgment, and a pro se party's bald assertions unsupported by evidence, are insufficient to overcome a motion for summary judgment." *Rodriguez v. Hahn*, 209 F.Supp.2d 344, 348 (S.D.N.Y.2002) (internal quotation marks and citation omitted).

## IV.  DISCUSSION

### A.    Determining the Undisputed Facts

As a preliminary matter, the Court points out that Defendants accompanied their motion for summary judgment with a Rule 56.1 Statement of Undisputed Material Facts. Plaintiff, however, did not file with his opposition the required Rule 56.1 Counter-Statement admitting or denying these facts. "Generally, the plaintiff's failure to respond or contest the facts set forth by the defendants in their Rule 56.1 statement as being undisputed constitutes an admission of those facts, and those facts are accepted as being undisputed." *Jessamy v. City of New Rochelle,* 292 F.Supp.2d 498, 504 (S.D.N.Y. 2003) (internal quotation marks and citation omitted). However, "[a] district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules." *Holtz v. Rockefeller & Co.,* 258 F.3d 62, 73 (2d Cir. 2001) (citations omitted); *see also Gilani v. GNOC Corp.,* No. 04-C V-2935, 2006 WL 1120602, at *2 (E.D.N.Y. Apr. 26, 2006) (exercising court's discretion to overlook the parties' failure to submit statements pursuant to Rule 56.1).

Here, given Plaintiff's *pro se* status, the Court exercises its broad discretion and conducts a review of the record to evaluate whether the facts contained in Defendants' Rule 56.1 Statement are uncontroverted. The Court deems admitted only those facts which are supported

by the admissible evidence and not controverted by other admissible evidence in the record.  *See Young v. Nassau Univ. Med. Ctr.*, No. 10-CV-649, 2011 WL 6748500, at *1 n.2 (E.D.N.Y. Dec. 22, 2011) ("in the exercise of its broad discretion and given plaintiff's *pro se* status, the Court will overlook this defect and will deem admitted only those facts in defendant's Rule 56.1 statement that are supported by admissible evidence and not controverted by other admissible evidence in the record"); *see also Jessamy*, 292 F. Supp. 2d at 504.

The Court has carefully reviewed the facts contained in Defendants' Rule 56.1 Statement against all the submissions on record, including the Amended Complaint, Plaintiff's deposition testimony, the instant filings and the exhibits attached to the summary judgment motions. Viewing this record in the light most favorable to the Plaintiff, this Court believes there is little dispute over the facts contained in Defendants' Rule 56.1 statement and no material issues are apparent.  Therefore, Defendants' asserted facts will be deemed admitted and accepted as undisputed.

In addition, based on the Court's review of the record, the Court deems the following facts unconverted and admitted:  (1) between June 29, 2013 and July 23, 2013, Plaintiff filed not less than six "sick call requests," in which Plaintiff sought medical attention for injuries sustained during the subject assault, including a new splint for his right ring finger and an appointment with an orthopedist (*see* "Sick Call Requests," annexed to Pl.'s Opp'n [DE 90] at 16-21); (2) on July 20, 2013 Plaintiff filed an official grievance in which Plaintiff stated, *inter alia*, that he was "assaulted by inmate Kevin Driver" and requested medical attention from an orthopedist (*see* July 23, 2013 "Nassau County Sheriff's Department Grievance Form," annexed to Pl.s' Opp'n [DE 90] at 22; *see also* Ben-Sorek Decl. [DE 92], Ex. D); (3) Plaintiff was seen by an Armor Orthopedist on July 24, 2013 whereupon a splint was reapplied to Plaintiff's right ring

finger (*see* Ben-Sorek Decl., Ex. C [Tomassi Tr.] at 47:2-5, and Ex. D ["Armor Progress Note"] [DE 92-5] at Page ID #369); and (4) Driver was incarcerated at NCCC between May 10, 2013 and May 22, 2014 and during that time, he was disciplined for one fight -- on June 23, 2013 -- the subject assault underlying the instant action (*see* July 7, 2017 Affidavit of Nassau County Sheriff's Department Investigator Sergeant Stephanie White, annexed to the Ben-Sorek Decl. as Ex. F at ¶¶ 7-8).

### B.    Defendants' Motion to Strike

Defendants have moved to strike the affidavit submitted by Plaintiff's mother, Carolyn Tomassi, which was filed to support her son's opposition to Defendants' motion for summary judgment.  *See* Defs.' Mot. to Strike [DE 101].  Defendants assert that (1) Carolyn Tomassi's affidavit was not timely filed because it was submitted nearly two weeks after the fully briefed motion was due; (2) Ms. Tomassi "may not inject herself into the litigation; and (3) she has no personal knowledge of the facts and circumstances about which she offers these statements. *See id.*

Rule 56(e) states that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e).  A court may "strike portions of an affidavit that are not based upon the affiant's personal knowledge, contain inadmissible hearsay or make generalized and conclusory statements."  *State of New York v. Saint Francis Hospital,* 94 F.Supp.2d 423, 425-26 (S.D.N.Y.2000); *Hollander v. American Cyanamid Co.,* 172 F.3d 192, 198 (2d Cir.1999).

The Court has reviewed Carolyn Tomassi's affidavit [DE 99] and finds that it was untimely.  After multiple revisions to the briefing schedule, Judge Azrack ordered that a fully

briefed motion be filed on or before March 30, 2018.  *See* March 12, 2018 Electronic Order.

Ms. Tomassi's affidavit was not filed until nearly two weeks thereafter, on April 12, 2018.  In

addition, the affidavit contains merely speculative and conclusory assertions.  For example, in

support of Plaintiff's case, Ms. Tomassi states, "[t]here seems to be a lack of common sense

here."  Carolyn Tomassi Aff. at 1.  She accuses non-party Armor of negligence and details an

unrelated civil action brought by former Attorney General Eric Schneiderman against Armor.  *Id*.

at 2.  Significantly, Ms. Tomassi has not demonstrated any personal knowledge underlying her

assertions.  Further, she is not a party to this lawsuit and Plaintiff was explicitly cautioned that

his mother was not to correspond with Defendants' counsel nor with the Court except in

emergency circumstances.  *See* April 18, 2017 Civil Conference Minute Order [DE 49].  For

these reasons, Court respectfully recommends to Judge Azrack that the Defendants' motion to

strike be granted.  In resolving the pending summary judgment motions, then, the Court will not

consider Carolyn Tomassi's affidavit.

### C.    Plaintiff's Motion for Summary Judgment

Defendants argue that Plaintiff's motion for summary judgment is procedurally improper

because, *inter alia*, Plaintiff failed to request a pre-motion conference.    According to Judge

Azrack's Individual Rules, "no premotion conference is required for motions . . . filed by pro se

parties."  *See* Individual Rules of District Judge Joan M. Azrack, Rule No. IV(b).  As such,

Plaintiff's failure to move for a pre-motion conference or to otherwise seek leave of court in

order to proceed is not grounds to deny his summary judgment motion.  However, Plaintiff's

motion otherwise fails to comply with Local Civil Rule 7.1, according to which a motion must be

accompanied by a memorandum of law, "setting forth the cases and other authorities relied upon,

and divided, under appropriate headings, into as many parts as there are issues to be determined."

*See* Local Civil Rule 7.1.  Notwithstanding his *pro se* status, Plaintiff's motion is devoid of any

actionable legal arguments or evidentiary support.  The motion is one and one-half pages in

length and offers little more than generalizations about Plaintiff's case, including the assertion

that "defendants[s] attorney doesn't seem to be able to find any kind of response to this

complaint."  Pl.'s Mot. II.  The motion also sets forth accusations that non-party Armor was

negligent and provides a short commentary related to a civil action previously filed by former

Attorney General Eric Schneiderman against Armor.  *Id.*  Plaintiff's bare assertions, unsupported

by any legal argument or admissible evidence, are insufficient, without more, to meet Plaintiff's

burden under the Rules governing summary judgment motion practice.  For these reasons, the

Court respectfully recommends to Judge Azrack that Plaintiff's motion be DENIED as

procedurally and substantively defective.

### D.    The PLRA Exhaustion Requirement

Before proceeding further, since Defendants have argued that they are entitled to

summary judgment because Plaintiff failed to exhaust his administrative remedies, the Court

must first examine whether Plaintiff followed the required administrative grievance procedures.

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with

respect to prison conditions under section 1983 of this title, or any other Federal law, by a

prisoner confined in any jail, prison, or other correctional facility until such administrative

remedies as are available are exhausted."  42 U.S.C. § 1997e(a); *see also Jones v. Bock*, 549 U.S.

199, 211, 127 S.Ct. 910, 918-19, 166 L.Ed.2d 798 (2007) ("There is no question that exhaustion

is mandatory under the PLRA and that unexhausted claims cannot be brought in court.").  The

PLRA exhaustion requirement "applies to all inmate suits about prison life, whether they involve

general circumstances or particular episodes, and whether they allege excessive force or some

other wrong[.]" *See Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 992, 152 L.Ed.2d 12

(2002).  "Further, the PLRA mandates 'proper exhaustion' of all remedies which 'means using

all steps that the agency holds out, and doing so properly (so that the agency addresses the issues

on the merits).'" *Jones v. Sposato*, No. 16-cv-5121, 2017 WL 4023135, at *4 (E.D.N.Y. Aug. 22,

2017) (quoting *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 2385, 165 L.Ed.2d 368 (2006)

(emphasis in original), *report and recommendation adopted*, 2017 WL 4023345 (E.D.N.Y.

Sept. 11, 2017).  As such, prisoners must "complete the administrative review process in

accordance with the applicable procedural rules — rules that are defined not by the PLRA, but

by the prison grievance process . . . and provide the level of detail necessary in a grievance to

comply with the grievance procedures[.]"  *Jones*, 2017 WL 4023135, at *4 (internal citations and

quotation marks omitted).  "Thus, the exhaustion inquiry requires that the court 'look at the state

prison procedures and the prisoner's grievance to determine whether the prisoner has complied

with those procedures.' " *Id.* (quoting *Espinal v. Goord*, 558 F.3d 119, 124 (2d Cir. 2009)).

Importantly, "failure to exhaust is an affirmative defense under the PLRA that must be raised and

proven by defendants." *Villafane v. Sposato*, No. 16-cv-3674, 2017 WL 4179855, at *10

(E.D.N.Y. Aug. 22, 2017) (citation and internal quotation marks omitted), *report and*

*recommendation adopted*, 2017 WL 4157220 (E.D.N.Y. Sept. 15, 2017).

   Here, Defendants argue that they are entitled to summary judgment because Plaintiff

failed to exhaust his administrative remedies with the NCCC.  Specifically, Defendants contend

that Plaintiff failed to comply with "the entire grievance procedure, including but not limited to,

the appeals process."  Defs.' Mem. at 11.  Significantly, the record shows that Plaintiff filed a

grievance dated July 20, 2013.  *See* Ben-Sorek Decl., Ex. D; Pl.'s Mot. II, Ex. A.  In that

grievance, Plaintiff complained of the altercation with Driver which underlies this action and

referenced prior requests for medical attention; he also requested to see an "orthopedist."  *See* Ben-Sorek, Decl., Ex. D; Pl.'s Mot. I, Ex. A.  The evidence shows that Plaintiff's grievance was investigated by a corrections officer and that on July 24, 2013 Plaintiff was seen by an Armor Orthopedist.  *See* Ben-Sorek Decl., Ex. D; Pl.'s Mot. I, Ex. A.  The Plaintiff maintains that he submitted eight grievances related to the altercation with Driver and his resulting medical condition.  The Court observes that Plaintiff's filing in opposition to Defendants' motion contains six copies of Plaintiff's July 20, 2013 grievance.  *See* Pl.'s Mot. I, Ex. A.  The Court notes that while the grievance makes reference to the incident with Driver, and an unknown corrections officer, it does not allege any failure to protect by any corrections officers or the facility generally.  *Id.*  Rather, the aim of Plaintiff's grievance is to obtain an appointment with an orthopedist.  Therefore, it is not altogether clear from the record before the Court whether Plaintiff ever filed a grievance related to his failure to protect claim.

Nevertheless, Defendants have not provided any evidence whatsoever of NCCC's written grievance procedures.  In fact, Defendants' Rule 56.1 Statement is devoid of any mention of the pertinent grievance procedures, or Plaintiff's July 20, 2013 grievance.  The grievance procedures are also absent from Plaintiff's submissions and Plaintiff's deposition testimony.  In conclusory fashion, Defendants assert that Plaintiff did not comply with the entire grievance procedure. Though Plaintiff does not address the issue of PLRA exhaustion in opposition to Defendants' motion for summary judgment, Defendants bear the relevant burden proof.  *See Cephas v. Nassau Cty. Corr. Ctr.*, No. 12–CV–1445, 2014 WL 537576, at *4 (E.D.N.Y. Feb. 10, 2014) ("Inquiries regarding exhaustion…'typically cannot be determined on an undeveloped record.'") (quoting *Gaines v. Armor Health Care, Inc.*, No. 12-5663, 2013 WL 6410311, at *3 (E.D.N.Y. Dec. 9, 2013)).   Where, as here, Defendants have offered no evidence of the relevant

administrative procedures, or Plaintiff's failure to comply with them, summary judgment for failure to exhaust administrative remedies is inappropriate. The Court therefore proceeds to an analysis of Defendants' substantive grounds for summary judgment.

### E.     Section 1983

#### 1.     *42 U.S.C. §1983 Generally*

Section 1983 provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proceeding for redress.

42 U.S.C. §1983. Section 1983 does not create any independent substantive rights but rather is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816, 105 S.Ct. 2427, 85, 27 L.Ed.2d 791 (1985), *abrogated on other grounds recognized by Collins v. City of San Diego*, 841 F.2d 337 (9th Cir. 1988)); *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). For a Plaintiff to prevail on a § 1983 claims, he must demonstrate: "(1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws; (2) by a person acting under the color of state law." *Hawkins v. Nassau Cty. Corr. Facility*, 781 F.Supp.2d 107, 111 (E.D.N.Y. 2011) (citing 42 U.S.C. §1983). In order to survive Defendants' motion for summary judgment on his § 1983 claims, Plaintiff must be able to offer concrete evidence from which a reasonable juror could conclude that Defendants deprived him of the rights, privileges, or immunities guaranteed to him by law. *See Johnson v. Davis*, No. 12-CV-2449, 2015 WL 1286764, at *2 (E.D.N.Y. Mar. 20, 2015).

Although Plaintiff does not explicitly enumerate his causes of action, it appears -- based on the Court's review of the Amended Complaint -- that Plaintiff is asserting claims pursuant to § 1983 for (1) failure to protect him in violation of the Eighth Amendment and (2) deliberate indifference to his medical needs in violation of the Eighth Amendment.  *See generally* Am. Compl.  However, as discussed in greater detail below, it is well-settled in this Circuit "that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under §1983." *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (quoting *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)); *see Pettus v. Morgenthau*, 554 F.3d 293, 300 (2d Cir. 2009).

### 2.      *Section 1983 Claims against the Nassau County Sheriff in His Individual Capacity*

To state a claim pursuant to § 1983, a complaint must contain factual allegations plausibly suggesting that the conduct at issue was attributable, at least in part, to a person acting under color of state law, and that such conduct deprived the plaintiff of a right, immunity, or privilege secured by the constitution or statutes.  *See American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999); *Cornejo v. Bell* 592 F.3d 121, 127 (2d Cir. 2010).  Moreover, a plaintiff must allege the "personal involvement" of the defendant in the purported constitutional deprivation.  *Farid*, 593 F.3d at 249.  "It is well-settled [in the Second Circuit] that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'"  *Mendelsohn v. University Hospital,* 178 F. Supp. 2d 323, 327 (E.D.N.Y. 2002) (quoting *McKinnon v. Patterson,* 568 F.2d 930, 934 (2d Cir. 1977)); *Brisco v. Rice*, 11-CV-578, 2012 WL 253874, at *4 (E.D.N.Y. Jan. 27, 2012).

At the outset, the Court notes that a supervisory official like the Nassau County Sheriff will not be found liable under Section 1983 simply by virtue of his "high position of authority."

20

*Whitenack v. Armor Med.*, No. 13-2071, 2014 WL 5502300, at *5 (E.D.N.Y. Oct. 30, 2014) (quoting *Al–Jundi v. Estate of Rockefeller*, 885 F.2d 1060, 1065 (2d Cir.1989)) (citing *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 127 (2d Cir. 2004)) (internal quotation marks omitted); *see Morgan v. Dzurenda*, No. 14-966, 2015 WL 5722723, at *6 (D. Conn. Sept. 19, 2015) (citing *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985)) ("Supervisory officials cannot be held liable under section 1983 solely for the acts of their subordinates."). Rather, liability may generally only be predicated upon the individual defendant's personal involvement in the purported constitutional violation. *See Patterson v. Cty. of Oneida, N.Y.*, 375 F.3d 206, 229 (2d Cir. 2004) (citing *Back v. Hastings on Hudson Union Free School District*, 365 F.3d at 122); *Morgan*, 2015 WL 5722723, at *6 (citing *Colon v. Coughlin*, 58 F.3d, 865, 873 (2d Cir. 1995). A complaint asserting a § 1983 claim which does not allege facts establishing the requisite personal involvement "fails as a matter of law." *Gaines*, 2013 WL 6410311, at *3 (citing *Costello v. City of Burlington*, 632 F.3d 41, 48–49 (2d Cir. 2011)).

"Personal involvement" may be established by evidence of a supervisor's direct participation in the challenged conduct or "by evidence of an official's (1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." *Hayut v. State Univ. of New York*, 352 F.3d 733, 753 (2d Cir. 2003). An "individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority.'" *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d at 127 (quoting *Black v. Coughlin*, 76 F.3d 72, 74

(2d Cir. 1996)). "Where a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law." *Acevedo v. Ross*, 18 CV 06140, 2019 WL 343246, at *3 (E.D.N.Y. Jan. 28, 2019) (citing *Johnson v. Barney*, 360 Fed. App'x 199, 201 (2d Cir. 2010)); *Camoia v City of New York*, 09 CV 2545, 2018 WL 6161654, at *16 (E.D.N.Y. July 16, 2018), *report and recommendation adopted as modified,* 09 CV 2545, 2018 WL 5077893 (E.D.N.Y. Oct. 18, 2018).

Here, both the Amended Complaint and Plaintiffs' filings in connection with the instant motion are devoid of any allegations concerning the Nassau County Sheriff. The sheriff's name is never given and he is referred to only by title. In fact, the only place "Nassau County Sheriff" appears is in the caption and just below the caption where the address of the Defendants appears. *See* Am. Compl. at 1. It is important to note that in her August 19, 2015 Order [DE 6] dismissing the original complaint, Judge Azrack stated that "[a]lthough plaintiff names Sheriff Sposato as a defendant, the complaint contains no allegations or references to him and, accordingly, plaintiff has not alleged a viable § 1983 claim against this defendant." Dismissal Order at 5 [DE 6]. The same is true of the Amended Complaint – the pleading still lacks any allegation of personal involvement on the part of the Nassau County Sheriff.

To the extent that Plaintiff is claiming damages relating to a failure by corrections officers to intervene or protect him, he has failed to name any corrections officer as a defendant. Moreover, although Plaintiff speculates that Driver was incarcerated for violent acts, the record sufficiently demonstrates that Driver and Plaintiff were "friendly" prior to the subject physical altercation. Further, the record discloses as previously noted that during his time at NCCC, Driver was disciplined for only one fight — the subject physical altercation with Plaintiff. Likewise, to the extent that Plaintiff is claiming damages related to the medical care he received,

he has not named any medical personnel at NCCC or elsewhere as a defendant. Indeed, by his own testimony, once Plaintiff made corrections officers aware of his injury, he was promptly brought to the medical unit where staff from a third-party provider addressed his needs. Plaintiff has neither alleged nor introduced facts to establish that the Nassau County Sherriff was involved, directly [or indirectly], in any of the events underlying his claims. Consequently, the Amended Complaint fails as a matter of law as against the Nassau County Sherriff. *See Acevedo*, 2019 WL 343246, at *3; *Johnson v. Barney*, 360 Fed. App'x at 201.

### 3. *Plaintiff Cannot Establish a Violation of Municipal Policy*

The Supreme Court has explained that

> [A] a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983

*Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 694 (1978). "The policy or custom need not be memorialized in a specific rule or regulation." *Kern v. City of Rochester*, 93 F.3d 38, 44 (2d Cir.1996) (citing *Sorlucco v. N.Y.C. Police Dep't*, 971 F.2d 864, 870 (2d Cir.1992)). Instead, constitutional violations by government officials that are "persistent and widespread" can be "so permanent and well settled as to constitute a custom or usage with the force of law, and thereby generate municipal liability." *Sorlucco*, 971 F.2d at 870–71 (citing *Monell*, 436 U.S. at 691) (internal quotation marks omitted). Moreover, a policy, custom, or practice of the entity may be inferred where "'the municipality so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within its jurisdiction.'" *Patterson*, 375 F.3d at 226 (quoting *Kern,* 93 F.3d at 44).

However, a municipal entity may be held liable only where the entity itself commits a wrong. As the Supreme Court noted in *Monell,* "a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." 436 U.S. at 691. Consequently, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Id.* There must be an affirmative link between the alleged municipal policy, custom and/or practice and the deprivation of the Plaintiff's constitutional rights. *See City of Canton v, Harris,* 489 U.S. 378, 385 (1989); *Oklahoma City v. Tuttle,* 471 U.S. 808, 823-24 (1985); *Vippolis v. Village of Haverstraw,* 768 F.2d 40 (2d Cir. 1985); *Blyden v. N.Y.P.D.,* No. 05-CV-4740, 2005 WL 3388609, at *5 (E.D.N.Y. Dec. 5, 2005). An employee's isolated alleged unconstitutional acts cannot form the basis for municipal liability. *See Tuttle,* 471 U.S. at 823- 24 (a single incident is insufficient to demonstrate municipal liability, particularly where the incident involved employees below the policy-making level); *DeCarlo v. Fry,* 141 F.3d 56, 61 (2d Cir. 1998) (quoting *Ricciuti v. New York City Transit Auth.,* 941 F.2d 119, 123 (2d Cir. 1991)); *Dwares v. New York,* 2d 94, 100 (2d Cir. 1993); *Payne c. Cty. of Nassau*, No. 03-CV-1929, 2005 WL 2179419, at *3 (E.D.N.Y. Sept. 9, 2005); *Raphael,* 387 F. Supp. 2d at 131; *Blyden,* 2005 WL 3388609, at *6 (complaint dismissed); *Mclaurin v. New Rochelle Police Officers,* 373 F. Supp. 2d 385,400 (S.D.N.Y. 2005). The circumstances now before the Court involved a single incident. Plaintiff himself states that "[b]ecause the officer had his back turned I was not visible from the C.O.'s office. . ." Am. Compl. at 2. Plaintiff adds that "there was no intervention by supervisory personnel," *id.*, but he does not identify any personnel by name or position. To the extent a corrections officer was involved – which is not an allegation made by the Plaintiff here

-- that job title is without dispute below the policy-making level.  As a result, these circumstances do not give rise to municipal liability under the applicable case law.

Nor has Plaintiff identified any policy or custom on which his claims are based.  In fact, Plaintiff admits in his opposition to Defendants' motion for summary judgment that his claims have "nothing to do with municipal policy."  Pl.s' Opp'n at 1 [DE 90].  The Amended Complaint states that "[q]uite obviously, there is a lack of training here concerning the safety of the inmates and the responsibilities of the corrections officers."  However, Plaintiff has offered no facts to substantiate his claim of improper training, nor has he conducted any discovery related to his claim to ascertain whether his conclusion is accurate.  Nor has Plaintiff connected what he perceives to be a lack of training to the incident giving rise to his complaint or his resulting injuries and treatment.  Assuming for the sake of argument, and only for purposes of this motion, that the corrections officers in Plaintiff's housing area lacked proper training, a single incident as noted is insufficient to establish grounds for municipal liability.  Moreover, mere conclusory allegations cannot overcomes a motion for summary judgment.  For these reasons, Plaintiff's *Monell* claim cannot withstand summary judgment as a matter of law.  *See, e.g.*, *Genovese v. Town of Southampton*, 921 F.Supp.2d 8, 25 (E.D.N.Y.2013) (granting summary judgment where neither the complaint nor the summary judgment record suggested the existence of an unconstitutional policy or custom); *Houston v. Nassau Cnty.*, No. 08–CV-0882, 2009 WL 605178, at 3 (E.D.N.Y. Mar. 6, 2009) (construing *pro se* plaintiff's complaint liberally and nonetheless dismissing for plaintiff's failure to identify any policy or custom forming the basis for his claims).

## V.    CONCLUSION

For the foregoing reasons, the Court respectfully recommends to Judge Azrack that (1) Defendants' motion for summary judgment be GRANTED; (2) Plaintiff's motion for summary judgment be DENIED; and (3) Defendants' motion to strike the affidavit of Carolyn Tomassi be GRANTED.

## VI.    OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  *See* FED. R. CIV. P. 6(a), (e).  Such objections by an attorney of record shall be filed with the Clerk of the Court via ECF.  Pro se litigants must mail a copy of any objections, or drop off a copy, to the Clerk of the Court, Alfonse D'Amato Federal Courthouse, 100 Federal Plaza, Central Islip, New York  11722.  **A courtesy copy of any objections filed is to be sent to the Chambers of the Honorable Joan M. Azrack.  Any requests for an extension of time for filing objections must be directed to Judge Azrack prior to the expiration of the fourteen (14) day period for filing objections**.  Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**Defendants' counsel is directed to serve a copy of this Report and Recommendation upon the pro se Plaintiff forthwith by overnight mail and first-class mail and to file proof of such service on ECF by March 19, 2019.**

**SO ORDERED.**

Dated: Central Islip, New York
       March 15, 2019

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge